

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

FEB 20 2003

LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SHEILA HACKERT, Individually and as
Administratrix of the goods, chattels and credits
of WILLIAM P. HACKERT, JR., deceased, and
as Administratrix of the goods, chattels and credits
of CHRISTINE M. HACKERT, deceased,

      Plaintiffs,

-against-

SUNBEAM CORPORATION, FIRST ALERT,
INC., AND BRK BRANDS, INC.,

      Defendants.

Civil Action No.:

03-CV-0216
DNH DRH

---

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants First Alert, Inc., and BRK Brands, Inc. ("Defendants"),[1] by and through their undersigned counsel, hereby remove this action from

---

[1] On November 27, 2002, the United States Bankruptcy Court for the Southern District of New York entered an Order confirming Sunbeam Corporation's Third Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code. The Plan of Reorganization enjoins any entity from commencing or maintaining an action against Sunbeam Corporation. Thus, the Order precludes Plaintiffs from initiating the present action against Sunbeam Corporation. Based on the foregoing, Plaintiffs' counsel has agreed to voluntarily dismiss Sunbeam Corporation from the present action. A stipulation will be filed with the Court. Should the Court consider Sunbeam Corporation a defendant for removal purposes, it is incorporated in Delaware and maintains its principal place of business in Florida. Furthermore, Sunbeam

the Supreme Court of the State of New York, County of Schenectady, to the United States District Court for the Northern District of New York.

Defendants state as follows:

1.  On January 24, 2003, Plaintiffs served Defendants with a copy of the attached Complaint captioned "<u>Sheila Hackert, Individually and as Administratrix of the goods, chattels, and credits of William P. Hackert, Jr., deceased, and as Administratrix of the goods, chattels, and credits of Christine M. Hackert, deceased v. Sunbeam Corporation, First Alert Inc., and BRK Brands, Inc.</u>" in the Supreme Court of New York, County of Schenectady, Index No. 2003-36. True and correct copies of the Summons and Complaint are attached hereto and made a part hereof as Exhibit "A." These documents constitute all of the pleadings, process and other documents served upon Defendants in this action. These documents were the initial pleadings served upon Defendants setting forth the claims upon which Plaintiffs' action is based.

2.  The above-styled suit is a civil action in which Plaintiffs allege, inter alia, that the Defendants' products purportedly failed to warn them of a fire in their residence in which William P. Hackert and Christine M. Hackert died. Plaintiffs seek to recover for negligence, strict liability, breach of implied and express warranties, misrepresentation, wrongful death, and property damage. Plaintiffs have demanded judgment against Defendants in excess of twenty million dollars ($20,000,000.00).

3.  According to the Complaint, all Plaintiffs reside or resided in New York.

4.  Defendant First Alert, Inc. is a Delaware corporation with its principal place of business located in Aurora, Illinois.

---

Corporation has consented to this removal. As such, the Court may properly remove Sunbeam Corporation in the above-captioned matter.

5. Defendant BRK Brands, Inc. is a Delaware corporation with its principal place of business located in Aurora, Illinois.

6. Diversity of citizenship exists between the Plaintiffs and the Defendants in this case.

7. The amount in controversy exceeds the sum of $75,000.00.

8. This Notice of Removal is being filed within thirty (30) days of Defendants' receipt of the Complaint through service or otherwise, as provided by 28 U.S.C. § 1446(b).

9. This Court has original jurisdiction over Plaintiffs' claims by virtue of diversity of citizenship as provided by 28 U.S.C. § 1332. This action is properly removable to federal court pursuant to 28 U.S.C. §§ 1332 and 1441(a).

10. This action is not a non-removal action as described in 28 U.S.C. § 1445.

11. A true and correct copy of this Notice of Removal has been served on Plaintiffs' counsel and is being filed with the Clerk of Court, Supreme Court, County of Schenectady, Schenectady County Courthouse, 612 State Street - 4th Floor, Schenectady, New York.

WHEREFORE, Defendants, First Alert, Inc., and BRK Brands, Inc., remove this action to the United States District Court for the Northern District of New York.

BY: _____
Neil A. Goldberg (101804)
Peter L. Powers (509127)
Goldberg Segalla LLP
120 Delaware Avenue, Suite 500
Buffalo, New York  14202
(716) 566-5477

3

Of Counsel:

James H. Heller
Saundra Godina
Brian S. Appel
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000

*Attorneys for Defendants First Alert, Inc., and BRK Brands, Inc.*

Dated:  February 19, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEILA HACKERT, Individually and as Administratrix of the goods, chattels and credits of WILLIAM P. HACKERT, JR., deceased, and as Administratrix of the goods, chattels and credits of CHRISTINE M. HACKERT, deceased,<br><br>                     Plaintiffs,<br><br>                     -against-<br><br>SUNBEAM CORPORATION, FIRST ALERT, INC., AND BRK BRANDS, INC.,<br><br>                     Defendants. | Civil Action No.: |

## CERTIFICATE OF SERVICE

I, Neil A. Goldberg, hereby certify that a true and correct copy of the foregoing "Notice of Removal" in the above-captioned matter was served upon the following-named person on the 19th of February, 2003 via regular mail, postage prepaid:

> Thomas D. Buchanan
> Hacker & Murphy LLP
> 7 Airport Park Boulevard
> P.O. Box 104
> Latham, NY 12110

BY: /s/ Neil Goldberg
Neil Goldberg
Goldberg Segalla LLP
120 Delaware Avenue, Suite 500
Buffalo, New York 14202
(716) 566-5477

Dated: February 19, 2003

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT     COUNTY OF SCHENECTADY

---

SHEILA HACKERT, Individually and as
Administratrix of the goods,
chattels and credits of WILLIAM
P. HACKERT, JR., deceased, and
as Administratrix of the goods,
chattels and credits of CHRISTINE
M. HACKERT, deceased,

Plaintiffs,

-against-

SUNBEAM CORPORATION, FIRST ALERT INC.,
and BRK BRANDS, INC.,
2381 Executive Center Drive
Bocca Raton, FL 33431

Defendants.

SUMMONS
Index No.: 2003-36

RECEIVED JAN 28 2003
SUNBEAM LEGAL DEPT.
WICHITA, KANSAS

JAN 24 2003

FILED
01/08/2003 9:27:44 AM
County Clerk
JOHN J. WOODWARD
SCHENECTADY COUNTY, NY
Inst Num:    200300906

---

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to serve upon the plaintiff's attorney an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

HACKER &
MURPHY, LLP
ATTORNEYS AT LAW

DATED: January 6, 2003

                    Yours, etc.

                    HACKER & MURPHY, LLP

By: _____
      THOMAS D. BUCHANAN, ESQ.

Attorneys for Plaintiff
7 Airport Park Boulevard
P. O. Box 104
Latham, New York 12110-0104
(518) 783-3843

Trial is desired in the
County of Schenectady

The basis of venue designated above
is that plaintiff residence.

STATE OF NEW YORK
SUPREME COURT    COUNTY OF SCHENECTADY

---

SHEILA HACKERT, Individually and as
Administratrix of the goods,
chattels and credits of WILLIAM
P. HACKERT, JR., deceased, and
as Administratrix of the goods,
chattels and credits of CHRISTINE
M. HACKERT, deceased,

    Plaintiffs,

-against-

SUNBEAM CORPORATION, FIRST ALERT INC.,
and BRK BRANDS, INC.,
2381 Executive Center Drive
Bocca Raton, FL 33431

    Defendants.

COMPLAINT
Index No.: 2003-36

FILED
01/08/2003 9:27:44 AM
County Clerk
JOHN J. WOODWARD
SCHENECTADY COUNTY, NY
Inst Num:    200300906

---

Plaintiff, complaining of defendants, by Hacker & Murphy, LLP, as and for a complaint hereby alleges that:

1. William P. Hackert, Jr., on or about the 31st day of May, 2001, died intestate in the County of Schenectady, Town of Rotterdam, State of New York, and was a resident and domiciliary thereof.

2. Christine M. Hackert, on or about the 31st day of May, 2001, died intestate in the County of Schenectady, Town of Rotterdam, State of New York, and was a resident and domiciliary thereof.

HACKER &
MURPHY, LLP
ATTORNEYS AT LAW

3. Plaintiff Sheila Hackert was and is a resident of the State of New York, and currently resides at 345 Mariaville Road, Town of Rotterdam, County of Schenectady.

4. On or about the 26th day of November, 2001, Limited Letters of Administration of the Goods, Chattels, and Credits which were of William P. Hackert, Jr., were duly issued and granted by the Surrogate of the County of Schenectady, to Sheila Hackert, who duly qualified thereunder.

5. On or about the 30th day of January, 2002, Limited Letters of Administration of the Goods, Chattels, and Credits which were of Christine M. Hackert, were duly issued and granted by the Surrogate of the County of Schenectady, to Sheila Hackert, who duly qualified thereunder.

6. Upon information and belief at all times hereinafter mentioned, the defendant Sunbeam Corporation was and still is a foreign corporation, organized and existing under the Laws in the State of Delaware with a principle place of business at 2381 Executive Center Drive, Bocca Raton, FL. 33431.

7. Upon information and belief, at all times hereinafter mentioned, the defendant First Alert Inc., was and still is a foreign corporation, organized and existing under the Laws of the State of Delaware with a principle place of business located at 2381 Executive Center Drive,

HACKER &
MURPHY, LLP
ATTORNEYS AT LAW

Bocca Raton, FL 33431.

8. Upon information and belief, at all times hereinafter mentioned, defendant BRK Brands Inc., was and is a foreign corporation, organized and existing under the laws of the State of Delaware, with a principle place of business located at 2381 Executive Center Drive, Bocca Raton, FL, 33431. (Defendants, Sunbeam Corporation, First Alert Inc, and BRK Brands, Inc. are hereinafter collectively referred to as "Defendants".)

9. Upon information and belief, the defendants designed, tested, manufactured, sold, promoted, packaged and placed into the stream of commerce, smoke detectors.

10. On or before the 31st day of May, 2001, plaintiffs obtained four of defendants smoke detectors, and installed them in 345 Mariaville Road, Rotterdam, New York.

11. Plaintiff obtained First Alert Smoke Detector model number SA67.

12. On May 31, 2002, a fire occurred in plaintiff's residence 345 Mariaville Road, Rotterdam, New York, and William P. Hackert Jr., and Christine M. Hackert, (hereinafter "decedents") suffered and died.

13. The smoke detectors installed by plaintiffs' did not sound an alarm to warn of the fire and the smoke associated therewith.

**AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE**

HACKER &
MURPHY, LLP
ATTORNEYS AT LAW

14. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "13" as if fully set forth at length herein.

15. Defendants were careless in the design, testing, inspection, manufacturing, distribution, labeling, sale and promotion of said smoke detectors.

16. Defendants were careless in failing to warn plaintiffs that the smoke detector may not sound for certain types of fires.

17. As a result of defendants conduct, decedents were injured, wounded, burned, and were caused to suffer great conscious pain, suffering, fear and anguish at the time of death, thereby sustaining general and special damages.

18. Defendants were well aware of the defective nature of their products.

19. Defendants acted with gross negligence and are therefore liable for punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION FOR STRICT LIABILITY**

20. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "19" as if fully set forth at length herein.

21. The smoke detectors were defective in that they did not sound an alarm and failed to warn decedents of the fire and smoke in which they perished, as a result of which defendant has become strictly liable to plaintiff.

HACKER & MURPHY, LLP
ATTORNEYS AT LAW

22. The smoke detectors were defective in failing to warn plaintiffs that they may not sound for certain types of fires.

23. Defendants were well aware of the defective nature of their products.

24. As a result of defendants' breach of strict liability, decedents were injured, wounded, burned, and were caused to suffer great conscious pain, suffering, fear and anguish at the time of death, thereby sustaining general and special damages.

25. Defendants acted with gross negligence and are therefore liable for punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "25" as if fully set forth at length herein.

27. The smoke detectors were unmerchantable in that they did not sound an alarm and warn decedents of the fire and smoke in which they perished, as a result of which defendants have breached the implied warranties of merchantability, and fitness for particular purpose.

28. As a result of defendants' breach of implied warranty, decedents were injured, wounded, burned, and were caused to suffer great conscious pain, suffering, fear and anguish at the time of death, thereby sustaining general and

special damages.

29. Defendants were well aware of the defective nature of their products.

30. Defendants acted with gross negligence and are therefore liable for punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY

31. Plaintiff repeats and realleges each and every allegation set forth in paragraph "1" through "30" as if fully set forth at length herein.

32. Defendants expressly warranted that the aforesaid smoke detectors would warn of smoke or fire.

33. Said promise induced reliance by plaintiffs.

34. Plaintiffs relied on said promise.

35. Defendants breached said expressed warranty.

36. As a result of defendants' breach of express warranty, decedents were injured, wounded, burned, and were caused to suffer great conscious pain, suffering, fear and anguish at the time of death, thereby sustaining general and special damages.

37. Defendants were well aware of the defective nature of their products.

38. Defendants acted with gross negligence and are therefore liable for punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR MISREPRESENTATION

39. Plaintiff repeats and realleges each and every

allegation set forth in paragraph "1" through "38" as if fully set forth at length herein.

40. Defendants falsely represented that said smoke detector would sound an alarm to warn of smoke or fire.

41. Defendants knew such representation of fact was untrue or was recklessly made.

42. Defendants intended to induce reliance by those who would foreseeably come into contact with said smoke detector.

43. Said representation was a substantial factor in inducing reliance.

44. As a result of defendants' misrepresentation of fact, decedents were injured, wounded, burned, and were caused to suffer great conscious pain, suffering, fear and anguish at the time of death, thereby sustaining general and special damages.

45. Defendants conduct subjects them to punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR WRONGFUL DEATH - WILLIAM P. HACKERT JR.

46. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "45" as if fully set forth at length herein.

47. Prior to the said occurrence, plaintiff intestate, William P. Hackert, Jr., was married, had a wife, two children, was in good health, gainfully employed, and was a

dutiful husband, father and provider; by reason of the said occurrence plaintiff's said intestate was wrongfully killed and the said next of kin have been permanently and irreparably damaged by reason of his wrongful death. Plaintiff has incurred and will continue to incur large sums on account of funeral and burial expenses, and plaintiff has been otherwise damaged.

48. Defendants were well aware of the defective nature of their products.

49. Defendants acted with gross negligence and are therefore liable for punitive damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR WRONGFUL DEATH – CHRISTINE M. HACKERT.

50. Plaintiff repeats and realleges each and every allegation set forth in paragraph "1" through "49" as if fully set forth at length herein.

51. Prior to said occurrence plaintiff intestate, Christine M. Hackert, had a mother and brother, was in good health, gainfully employed, and was a dutiful daughter, and sister; by reason of the said occurrence plaintiff intestate was wrongfully killed and the said next of kin have been permanently and irreparably damaged by reason of her wrongful death; plaintiff has incurred and will continue to incur large sums on account of funeral and burial expenses, and plaintiff has been otherwise damaged.

52. Defendants were well aware of the defective nature

of their products.

53. Defendants acted with gross negligence and are therefore liable for punitive damages.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR PROPERTY DAMAGE

54. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "53" as if fully set forth at length herein.

55. By reason of the negligence, breach of warranty, and breach of strict product liability, the plaintiff's home was battered, wrecked, damaged, and destroyed, causing damage in the sum of $250,000.00.

WHEREFORE, plaintiff demands judgment against the defendants on the first cause of action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and Punitive Damages in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS; on the second cause of action for the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and Punitive Damages in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS; on the third cause of action for the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and Punitive Damages in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS; on the fourth cause of action for the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and Punitive Damages in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS; on the fifth cause of action for the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and

Punitive Damages in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS; on the sixth cause of action for the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and Punitive Damages in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS; on the seventh cause of action for the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and Punitive Damages in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS; on the eighth cause of action for the sum TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS, and Punitive Damages in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

Dated: January 6, 2003

Yours etc.,

HACKER & MURPHY, LLP

By: _____
Thomas D. Buchanan
Attorneys for Plaintiffs
7 Airport Park Boulevard
P.O. Box 104
Latham, New York 12110
(518) 783-3843

HACKER &
MURPHY, LLP
ATTORNEYS AT LAW