UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHEILA HACKERT, Individually, and as Administratrix of the Goods, Chattels, and Credits of William P. Hackert, Jr., and Christine M. Hackert, Deceased; and JOHN ANTHONY HACKERT,

        Plaintiffs,

vs

FIRST ALERT, INC.; and BRK BRANDS, INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED

NOV 14 2005

AT_____ O'CLOCK____M
LAWRENCE K. BAERMAN, Clerk
UTICA

1:03-CV-216

APPEARANCES:

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Attorneys for Plaintiffs
Suite 2800
800 LaSalle Avenue
Minneapolis, MN 55402-3394

HACKER & MURPHY, LLP
Attorneys for Plaintiffs
7 Airport Park Boulevard
P.O. Box 104
Latham, New York 12110-0104

GOLDBERG SEGALLA LLP
Attorneys for Defendants
Suite 400
665 Main Street
Buffalo, New York 14203

OF COUNSEL:

JAMES L. FETTERLY, ESQ.
SALLY M. SILK, ESQ.

JAMES E. HACKER, ESQ.
THOMAS D. BUCHANAN, ESQ.

MATTHEW S. LERNER ESQ.
PETER L. POWERS, ESQ.

DAVID N. HURD
United States District Judge

## MEMORANDUM DECISION and ORDER

### I. INTRODUCTION

Plaintiff Sheila Hackert and her son, John Hackert, (collectively, "plaintiffs") brought suit against First Alert, Inc. and BRK Brands, Inc. (collectively, "defendants") for conduct related to the manufacturing of fire detectors which failed to alarm during a fire at their home. The fire resulted in the destruction the house and the deaths of Sheila Hackert's husband, William Hackert, and daughter, Christine Hackert. Discovery was conducted and both parties filed Daubert motions to preclude the testimony of the others' experts. The decision and order ("the Order") on those motions was issued on June 14, 2005. (Docket No. 104.) Defendants move pursuant to Fed. R. Civ. P. 60(b) for reconsideration of select parts of the decision and/or certification of the Order for appeal to the Second Circuit pursuant to 28 U.S.C. § 1292. Plaintiff opposes. The motion was considered on the papers.

### II. MOTION FOR RECONSIDERATION

"[T]he prevailing rule in the Northern District 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" United States v. Chiochvili, 103 F. Supp. 2d 526, 528 (N.D.N.Y. 2000) (quoting C-TC 9th Ave. Partnership v. Norton Co., 182 B.R. 1, 3 (N.D.N.Y. 1995)). Defendants argue for reconsideration on the third ground. "This is a demanding standard. . . . The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated." Id. (citations omitted). Defendants seek reconsideration of (1) the exclusion of their expert witness Dr. Lori Streit ("Dr. Streit"), (2) the failure to

exclude portions of plaintiffs' expert, Dr. Don Russell ("Dr. Russell"), and (3) the striking of two defendant expert affidavits - those by Frederick W. Mowrer and Daniel L. Churchyard.

### A. Dr. Streit's Testimony

The Order precluded the testimony of Dr. Streit in its entirety. Defendants intended that Dr. Streit would testify as to three types of testing she performed on fire detectors: drop tests, soot analysis and heat testing.

In precluding the introduction of Dr. Streit's "drop tests", it was explained that

> Dr. Streit's "drop tests" do not meet the Daubert "fit" requirement because the technique employed to simulate the fall of the detector is too far removed from conditions of the fire, which are themselves hotly disputed.

(Order p.5.)

As the Second Circuit recently articulated, "Rule 702's requirement that the evidence assist the trier of fact to understand the evidence or determine a fact in issue is essentially a requirement that the evidence be relevant. In the context of scientific evidence, the issue of relevance has also been called 'fit.'" Adel v. Greensprings of Vermont, Inc., 363 F. Supp. 2d 683, 686 (D. Vt. 2005) (citations omitted).

The effect of the detectors falling to the floor is not a subject which requires expert testimony. See United States v. Castillo, 924 F.2d 1227, 1232-33 (2d Cir. 1991) (quoting the Advisory Committee Note to Fed R. Evid. 702, "[t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.").

Dr. Streit is no more qualified - on account of her expertise - than the jury to make an assessment regarding the falling of the detectors. See Daubert v. Merrell Dow Pharms., 509 U.S. 579, 591-92 (1993) ("Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."). The tests Dr. Streit performed do not alter this conclusion. While there is considerable doubt as to whether it is possible to replicate the circumstances of the fire considering all the unknown variables, the testing performed is simply not commensurate.

The same 'helpfulness' reasoning applies to preclude Dr. Streit's analysis of soot patterns. The Order reads:

> Likewise, Dr. Streit's opinion as to battery placement during the time of the fire based on soot pattern analysis . . . do not fit any known facts of this case. While the analysis of soot deposits itself is a recognized and reliable method of recreating the circumstances of a fire, Dr. Streit's application of those methods to the facts of this case do not provide information that would be helpful to a jury. Her opinion consists of conclusory statements because the soot analysis requires speculations as to timing and subsequent events, for example - the detector was affected by another object later in the fire which may have affected battery placement, that are unsubstantiated by any definitive evidence.

(Order p.5.)

Not all soot analysis requires specialized knowledge. In her report, Dr. Streit regularly refers to a National Fire Protection Association's publication, NFPA 921: Guide for Fire and Explosion Investigations, to demonstrate compliance with approved investigatory procedures. But the sort of soot analysis involved in this case does not require considerations addressed in that code. The jury will not require assistance in interpreting either geometric soot deposits that reveal the flow patterns of smoke during the fire or what a particular instance of charring indicates about a fire. The soot deposits at issue in this case

involve the presence, or lack of, soot deposits on batteries.  Dr. Streit's conclusions as to those deposits are not based on professional study or experience-based observation; a jury is capable of drawing its own conclusion on the relevant issues.  Moreover, considering that Dr. Streit's opinion is not helpful or probative, that opinion, given under the auspices of "expertise" is potentially prejudicial.  See Fed. R. Evid. 403.

The heat testing conducted by Dr. Streit, was performed to demonstrate the effect of temperature on the components of the detector as part of her attempt to recreate the circumstances of the fire for her drop testing.  As the drop tests have been precluded, this testing is simply unnecessary.

Dr. Streit's testimony is precluded in its entirety as it does not "fit" the facts of the case and is not helpful to the jury.

### B. Dr. Russell's testimony

Defendants' Daubert motion to exclude plaintiffs' expert, Dr. Russell, was denied but, Dr. Russell's testimony was limited.  (Order p. 3.)  The Order stated that he would be permitted to offer his opinion as to the effectiveness of ionization fire detectors, but not Dr. Roby's fire modeling, the economic feasibility of defendants' alternative marketing options, or the effects of the detectors and batteries falling to the floor during the fire.  Id.  Dr. Russell has opined on other topics which were not addressed in the Order and the parties dispute whether that means he may testify on those topics at trial.  Defendants list six topics of contention: (1) product warnings, (2) forensic analysis of the smoke detectors, (3) acoustic agglomeration, (4) audiology, (5) combustion science, and (6) fire cause and origin.  Product labeling is outside the expertise of Dr. Russell.  As to the remaining topics, Dr. Russell will be permitted to testify, subject, of course, to cross-examination.  Defendants' complaints as to

Dr. Russell go the weight, not the admissibility, of Dr. Russell's testimony.

### C. Undisclosed Experts

The affidavits of Frederick W. Mowrer and Daniel L. Churchyard were stricken from the record and not considered as they were not disclosed as expert witnesses. These affidavits were submitted to attest to the methodologies employed by Dr. Streit and Dr. Richard Roby ("Dr. Roby") respectively. Defendants assert that because the testimony is not for use at trial, but only for purposes of the requested Daubert hearing, the disclosure requirements of Fed. R. Civ. P. 26 are inapplicable. Defendants do not cite case law for this proposition and cannot escape the fact that these witnesses are experts themselves. Indeed, they are offered to provide testimony based on scientific, technical, or other specialized knowledge of methodologies in their respective fields. See Fed. R. Civ. P. 702. Moreover, as the methodologies of Dr. Streit and Dr. Roby are sufficiently clear for purposes of a Daubert analysis, experts in support of these experts are unnecessary.

### III. CERTIFICATION FOR INTERLOCUTORY APPEAL TO THE SECOND CIRCUIT

The district court may certify for "immediate appeal an order (i) that involves a controlling question of law, (ii) as to which there exists a substantial ground for difference of opinion, and (iii) the disposition of which may materially advance the ultimate termination of the litigation, 28 U.S.C. § 1292(b)." Hallock v. Bonner, 387 F.3d 147, 152 (2d Cir. 2004), cert. granted, 125 S. Ct. 2547 (2005). The third ground is asserted by the defendants here.

Defendants argue that the preclusion of Dr. Streit's testimony bars it from presenting any evidence that the smoke detectors were not powered at the time of the fire, which will result in manifest injustice and/or a mistrial. Yet, as the defendants themselves pointed out, they are not precluded from entering evidence relating to whether the detector

was powered at the time of the fire. Plaintiffs did not object to the testimony of defendants' expert witness, Dr. Richard J. Roby, on the issue. Furthermore, defendants may present photographs of the dining room smoke alarm and cross-examine witnesses at trial.

Defendants also assert that Dr. Russell's testimony will result in manifest injustice and will require a retrial. Any deficiencies in Dr. Russell's testimony may be adequately addressed in cross-examination at trial. Defendants' request for certification will be denied.

## IV. CONCLUSION

Dr. Streit's testimony is precluded in its entirety as it does not "fit" the facts of the case and is not helpful to the jury. Product labeling is outside the expertise of Dr. Russell and he will not be permitted to testify on the subject. The affidavits of Frederick W. Mowrer and Daniel L. Churchyard were properly stricken from the record and not considered as they were not disclosed as expert witnesses. Defendants' request for certification will be denied as there is no threat of manifest injustice and/or the requirement of a retrial. Defendants are not precluded from entering evidence relating to whether the detector was powered at the time of the fire. Any deficiencies in Dr. Russell's testimony may be adequately addressed at trial through cross-examination.

Therefore, it is

ORDERED that

(1) Defendants' motion for reconsideration is GRANTED in part; plaintiffs' expert, Dr. Don Russell, will not be permitted to testify as to product labeling.

(2) The remainder of defendants' motion for reconsideration is DENIED; and

(3) Defendants' motion for certification for an interlocutory appeal to the Second Circuit is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   November 14, 2005
         Utica, New York.